IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

  vs.                                        Civil Action 2:15-cv-1353

                                            Magistrate Judge King

HG PROPERTY HOLDINGS, LLC,
*et al.*,

    Defendants.

## OPINION AND ORDER

Plaintiff seeks recovery under a promissory note and a commercial guaranty of that promissory note, and a convertible line of credit note and a commercial guaranty of that convertible line of credit note. With the consent of the parties, *see* 28 U.S.C. § 636, this matter is before the Court on *Defendants' Motion to Dismiss*, ECF 14 ("*Motion to Dismiss*"). Plaintiff has filed a response to the *Motion to Dismiss*. *Memorandum of Plaintiff PNC Bank, National Association to Defendants' Motion to Dismiss [Doc #14]*, ECF 21 ("*Memo. Contra*"). No reply has been filed. For the reasons that follow, the *Motion to Dismiss* is **DENIED**.

I.    Background

Plaintiff is a national banking association headquartered in the Commonwealth of Pennsylvania and a citizen of the State of Delaware. *Complaint on Promissory Note, Line of Credit and Guarantys*, ECF 1, ¶ 1 ("*Complaint*"). Defendants HG Property Holdings LLC ("HGPH") and His

1

Grace Medical LLC ("HGM") are Ohio limited liability companies located in Lewis Center, Ohio and Columbus, Ohio, respectively, whose sole member is defendant Olugbenga Felix Tolani, an Ohio citizen residing in Lewis Center, Ohio. *Id*. at ¶¶ 2-5; *Defendants' Answer*, ECF 13, ¶¶ 2-3 ("*Answer*"). On or around March 30, 2012, defendants executed and delivered to plaintiff a promissory note in the original principal amount of $408,000.00 ("the $408,000 Note"). *Complaint*, ¶ 11; *Answer*, ¶ 8. The $408,000 Note addresses, *inter alia*, the issue of venue: "Choice of Venue. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Franklin County, State of Ohio." Exhibit A, p. 2 (copy of $408,000 Note), attached to *Complaint*.

On or about December 7, 2012, HGPH executed and delivered to plaintiff a convertible line of credit note in the original principal amount of $472,000.00 ("the $472,000 Note"). *Complaint*, ¶ 21; Exhibit C, p. 1, attached to *Complaint* (copy of $472,000 Note); *Answer*, ¶ 15. The $472,000 Note delivered to plaintiff, whose office was identified as 1900 East Ninth Street, Cleveland, Ohio 44114, contains the following language regarding venue:

> **THIS NOTE WILL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF THE BANK AND THE BORROWER [HGPH, LLC] DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE WHERE THE BANK'S OFFICE INDICATED ABOVE IS LOCATED, EXCLUDING ITS CONFLICT OF LAW RULES.** The Borrower hereby irrevocably consents to the exclusive jurisdiction of any state or federal court in the county or judicial district where the Bank's office indicated above is located . . . The Borrower acknowledges and agrees that the venue provided above is the most convenient forum for both the Bank and the Borrower. The Borrower waives any objection to venue and any objection based on a more convenient forum in any

action instituted under this Note.

Exhibit C, Section 14 (emphasis in original), attached to *Complaint*.

In order to induce plaintiff to extend certain credit accommodations to defendants as evidenced by the $408,000 Note and the $472,000 Note, on or about March 3012 and December 7, 2012, defendants Tolani and HGM executed and delivered to plaintiff commercial guarantees. *Complaint*, ¶¶ 16, 26, 31; Exhibits B, D, E (copies of commercial guarantees) (collectively, "the Commercial Guarantees"), attached thereto; *Answer*, ¶¶ 12, 19, 22.  The Commercial Guarantees guaranteed the prompt payment of all obligations of defendants HGPH and HGM when due to plaintiff. *Complaint*, ¶¶ 18, 28, 33; *Answer*, ¶¶ 12, 19, 22.  The Commercial Guarantees also included the same venue language as the $408,000 Note. *See* Exhibits B, p. 3; D, p. 3; E, p. 3, attached to *Complaint*.

HGPH and HGM have missed at least some payments on the $408,000 Note and the $472,000 Note (collectively, "the Notes"). *Complaint*, ¶¶ 14, 23; *Answer*, ¶¶ 9, 16.  Plaintiff alleges that HGPH and HGM are in default of these notes and has declared the entire amount on both notes as immediately due and payable. *Complaint*, ¶¶ 13, 23.

On April 22, 2015, plaintiff filed this action, seeking recovery under the Notes and the Commercial Guarantees. *See generally id*. Defendants have now moved to dismiss plaintiff's claims pursuant to Rules 12(b)(2)[1] and 12(b)(3) of the Federal Rules of Civil Procedure. *See Motion to Dismiss*.  This matter is now ripe for resolution.

---

[1] The *Motion to Dismiss* does not challenge the Court's subject matter jurisdiction.

**II.    Personal Jurisdiction**

    **A.    Standard**

Rule 12(b)(2) of the Federal Rule of Civil Procedure authorizes the filing of a motion to dismiss for lack of personal jurisdiction over a defendant.  In considering a properly supported motion to dismiss for lack of personal jurisdiction, a district court is vested with the discretion to decide the motion upon the affidavits alone, to permit discovery in aid of deciding the motion, or to conduct an evidentiary hearing to resolve any apparent factual question.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  Here, no party has requested additional discovery or an evidentiary hearing and this Court concludes that neither is necessary to the resolution of the issue of personal jurisdiction.

A plaintiff bears the burden of establishing personal jurisdiction.  *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)).  However, where a motion under Rule 12(b)(2) is decided solely on written submissions and affidavits, as here, "the plaintiff's burden is relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal."  *Id.* (internal quotation marks and citations omitted).  Indeed, "[t]he pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the [] court should not weigh 'the controverting assertions of the party

seeking dismissal.'" *Id*. (quoting *Theunissen*, 935 F.2d at 1459). Nevertheless, the pleadings must set forth with "'reasonable particularity' those specific facts that support jurisdiction." *Palnik v. Westlake Entm't, Inc.*, No. 09-3062, 344 F.App'x 249, at *251 (6th Cir. Aug. 31, 2009) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).

    **B.    Discussion**

In the case presently before the Court, defendants contend that the Court lacks personal jurisdiction over them simply "because venue is not proper in this instance pursuant to the parties' contractual agreements. . . ." *Memo. Contra*, p. 2. Defendants' argument is misplaced. Venue and personal jurisdiction are separate and distinct concepts. *See*, *e.g.*, *Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 U.S. Dist. LEXIS 176504, at *8 (E.D. Mich. Dec. 16, 2013) ("Personal Jurisdiction is not the same issue as venue. Personal jurisdiction is a question of whether a court can exercise its authority over a party, whereas, venue is a matter of choosing the proper forum in which to litigate."). It therefore follows that this Court does not lack personal jurisdiction simply because defendants believe that venue is improper.

Indeed, "defendants who reside in the forum state will always be subject to the personal jurisdiction of the court." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Here, plaintiff alleges and defendants admit that defendant Tolani is an Ohio citizen with a last known address in Lewis Center, Ohio. *Complaint*, ¶¶ 4-5; *Answer*, ¶¶ 2-

3. *See also* ECF 6, PAGEID#:64-67 (reflecting that the *Complaint* was successfully served on defendant Tolani in Lewis Center, Ohio). Plaintiff further alleges and defendants admit that HGPH and HGM are Ohio limited liability companies whose sole member is defendant Tolani. *Complaint*, ¶¶ 2-3; *Answer*, ¶ 2. There is no dispute that HGPH and HGM's last known addresses are in Lewis Center, Ohio and Columbus Ohio, respectively, and that service of process was effected on these defendants at these addresses. *Complaint*, caption, ¶¶ 2-3, 5; *Answer*, ¶¶ 2-3; ECF 6, PAGEID#:54-62. Even construing this record in the light most favorable to plaintiff, the Court concludes that plaintiff has made a *prima facie* showing of personal jurisdiction over the defendants. *See Estate of Thomson*, 545 F.3d at 360-61.

**III. Venue**

Again referring to "the parties' contractual agreements," defendants also move to dismiss this action under Rule 12(b)(3) for improper venue. *Motion to Dismiss*, p. 2. Defendants specifically argue that the venue language contained in the $408,000 Note and the Commercial Guarantees provides that venue shall be in "Franklin County courts[.]" *Id*. at 2-3 (citing Exhibits A, B, D) (providing, *inter alia*, that "[i]f there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of Franklin County, State of Ohio"). Alternatively, defendants contend that venue would be proper in "state courts in Cuyahoga County or a federal court in Cleveland within the district of the Bank's location" as specified in the $472,000 Note. *Id*. at 3 (citing Exhibit C, attached to the

6

*Complaint*).  Defendants' argument in this regard is not well-taken.

"Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.'"  *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, -- U.S. --, 134 S.Ct. 568, 577 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."  *Id*.  In other words, "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3)[.]"  *Id*. at 579.  "If a forum-selection clause rendered venue in all other federal courts 'wrong,' a defendant could always obtain automatic dismissal or transfer under § 1406(a) and would not have any reason to resort to § 1404(a)."  *Id*. (stating further that "the clause may be enforced through a motion to transfer under § 1404(a)").

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"  For venue purposes, a natural person is deemed to reside in the judicial district in which that person is domiciled.  28 U.S.C. § 1391(c)(1).  Entities "with the capacity to sue and be sued in [their] common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  28 U.S.C. § 1391(c)(2).  In the case presently before the Court, it is

7

undisputed that defendant Tolani is an Ohio citizen residing in Lewis Center, Ohio.  It is likewise uncontroverted that HGPH and HGM are Ohio limited liability companies whose sole member is defendant Tolani.  Moreover, the Court has already determined that it has personal jurisdiction over defendants.  Accordingly, venue is proper in this district under § 1391(b)(1).  Therefore, and for the reasons addressed *supra*, defendants' arguments based on the venue provisions contained in the Notes and the Commercial Guarantees do not render venue improper and do not authorize dismissal of the action pursuant to Rule 12(b)(3).  *See*, *e.g.*, *Nash & Powers Ins. Servs. v. Astonish Results, LLC*, No. 2:13-CV-257, 2014 U.S. Dist. LEXIS 175060, at *3-4 (E.D. Tenn. May 16, 2014) (denying Rule 12(b)(3) motion to dismiss based on defendants' argument that forum-selection clause rendered venue "wrong" or "improper").[2]

**WHEREUPON**, *Defendants' Motion to Dismiss*, ECF 14, is **DENIED**. The parties are **REMINDED** that motions for summary judgment may be filed, if at all, within thirty (30) days of the date of this *Opinion and Order*.  *See Preliminary Pretrial Order*, ECF 18, pp. 1-2 (providing that motions for summary judgment may be filed within thirty (30) days following resolution of the *Motion to Dismiss*).

<em>s/Norah McCann King</em><br>Norah M<sup>c</sup>Cann King<br>United States Magistrate Judge

October 28, 2015

---

[2] In reaching this conclusion, the Court need not address plaintiff's additional arguments, including that defendants waived their right to object to venue and that the parties agreed to venue in this district.

8